UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-00209-AB-SK | Date: | February 22, 2024 |

| Title: | *Gunter Zielke v. Scott Eric Rosenstiel* |

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |

| Carla Badirian | N/A |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>**GRANTING**</u> MOTION FOR REMAND [Dkt. No. 8]

Before the Court is a Motion for Remand ("Motion," Dkt. No. 8) filed by Beneficiary Gunter Zielke ("Zielke"). Plaintiff Scott Rosenstiel ("Plaintiff") did not file an opposition. The Court will resolve the Motion without oral argument and therefore **VACATES** the hearing set for March 1, 2024. *See* Fed. R. Civ. P. 78, C.D. Cal. L.R. 7-15. The Motion for Remand is **GRANTED**.

## DISCUSSION

Rosenstiel, appearing *pro se*, removed this action on January 9, 2024, based on diversity jurisdiction. (It appears that Rosenstiel was represented by counsel in state court and removed the action on his own.) Zielke filed this Motion on January 23, 2024, timely noticing it for hearing on March 1, 2024. Zielke also served the Motion on Rosenstiel on January 30, 2024. *See* Dkt. No. 12. The deadline for Rosenstiel to respond to the Motion was February 9, 2024. *See* Local Rule 7-9. As of the date of this Order, Rosenstiel has not responded to the Motion. Under Local Rule 7-12, "The failure to file any required paper, or the failure to file it within the

deadline, may be deemed consent to the granting or denial of the motion." In this case, the Court deems Rosenstiel's failure to oppose as conceding the merits of the Motion and consenting to it being granted.

The Motion is also granted on its merits. Zielke moved for remand on the following grounds: "(a) the probate exception to federal court jurisdiction requires remand; (b) there is neither diversity nor federal court jurisdiction; (c) as the *de facto* plaintiff, Rosenstiel had no right to remove the action; and (d) removal was untimely." *See* Notice 2:6-12. All of these grounds are well-supported. The Court therefore concludes that it lacks subject matter jurisdiction over this action and **GRANTS** the Motion.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Remand. The Clerk of Court is **ORDERED** to remand this case to the state court from which it was removed.

**IT IS SO ORDERED**.